1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8

9

10

11

12

JOHN R. ERICKS,

Plaintiff,

v.

STATE OF WASHINGTON, et al.,

Defendants.

CASE NO. C15-5066 BHS

ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS

13   This matter comes before the Court on Defendants State of Washington,

14  Washington State Department of Fish and Wildlife, and Officer Loc Do's ("Defendants")

15  motion to dismiss (Dkt. 25).  The Court has considered the pleadings filed in support of

16  and in opposition to the motion and the remainder of the file and hereby grants the

17  motion for the reasons stated herein.

18  **I. PROCEDURAL AND FACTUAL BACKGROUND**

19   Officer Loc Do ("Officer Do") is an officer with the Washington State Department

20  of Fish and Wildlife ("DFW").  Dkt. 1 at 5–9 ("Comp.") ¶ 3.  At some point prior to

21  November 11, 2011, a Tumwater police officer notified Officer Do that Plaintiff John

22

1  Ericks's ("Ericks") driver's license had been suspended.  *Id.* ¶ 7.  The police officer

2  provided Officer Do with a description of Ericks's vehicle.  *Id.*

3      On November 12, 2011, Officer Do was on duty and traveling through Aberdeen,

4  Washington.  *Id.* ¶ 9.  Officer Do saw Ericks driving through Aberdeen.  *Id.* ¶ 10.  Officer

5  Do stopped Ericks's vehicle and subsequently arrested him.  *Id.*

6      On November 12, 2014, Ericks filed an administrative claim for damages with the

7  Washington State Department of Risk Management.  *Id.* ¶ 4.  On January 14, 2015,

8  Ericks filed a 42 U.S.C. § 1983 complaint against Defendants in Thurston County

9  Superior Court.  *Id.* ¶¶ 2–3.  Ericks alleges that Defendants violated his civil rights when

10  Officer Do stopped, detained, and arrested him.  *Id.* ¶ 17.  Ericks also asserts state law

11  claims for false imprisonment, outrage, and negligence.  *Id.* ¶¶ 15, 19, 21.  Ericks seeks

12  monetary damages.  *Id.* ¶ I.V.  On January 30, 2015, Defendants removed the case to this

13  Court.  Dkt. 1.

14      On August 6, 2015, Defendants moved to dismiss.  Dkt. 25.  On August 28, 2015,

15  Defendants filed a reply, noting that Ericks failed to file a response pursuant to Local

16  Rule 7(d)(3).  Dkt. 28.  On September 2, 2015, Ericks filed a response.[1]  Dkt. 29.  On

17  September 3, 2015, Defendants filed a surreply.  Dkt. 30.

18

19

20

21

22      [1] The Court will consider Ericks's untimely response.  Ericks is proceeding pro se and
Defendants have not shown any prejudice.

**II. DISCUSSION**

Defendants move to dismiss Ericks's § 1983 claims against the State of Washington, DFW, and Officer Do in his official capacity.  Dkt. 25 at 4–5.  Defendants also move to dismiss Ericks's false imprisonment claim.  *Id.* at 5–6.

**A.    42 U.S.C. § 1983 Claims**

Defendants argue that Ericks's § 1983 claims against the State of Washington, DFW, and Officer Do in his official capacity should be dismissed because they are not "persons" under § 1983.  *Id.* at 4–5.  A plaintiff may only maintain an action under § 1983 if the defendant was a "person" acting under color of state law.  *See* 42 U.S.C. § 1983.  States, state agencies, and state officials sued in their official capacity are not "persons" under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004).  Because the State of Washington, DFW, and Officer Do in his official capacity are not "persons" who may be sued under § 1983, the Court grants Defendants' motion and dismisses those claims with prejudice.

**B.    False Imprisonment Claim**

Defendants also argue that Ericks's false imprisonment claim should be dismissed because it is barred by the statute of limitations.  Dkt. 25 at 5–6.  Under Washington law, a claim for false imprisonment is subject to a two-year statute of limitations.  RCW 4.16.100(1).  A cause of action accrues from the date the plaintiff knew or should have known the factual basis for the claim.  *Allen v. State*, 118 Wn.2d 753, 758 (1992).  In tort suits against a local government entity or one of its officers, the statute of limitations is

1  tolled for sixty days while the plaintiff complies with pre-suit claim procedures.  RCW

2  4.96.020(4).

3        The events alleged in Ericks's complaint occurred on or about November 12,

4  2011.  Comp. ¶ 10.  Ericks did not file his pre-suit claim until November 12, 2014—three

5  years after the alleged false imprisonment occurred.  *Id.* ¶ 4.  Ericks then filed his lawsuit

6  on January 15, 2015.  *Id.*  Accordingly, Ericks's false imprisonment claim falls outside of

7  the applicable statute of limitations.

8        Ericks argues that Defendants' motion is "based on deadlines that [are] not

9  required" because he does not intend to add parties or amend his pleadings.  Dkt. 29 at 1.

10  Defendants' motion, however, concerns whether Ericks's false imprisonment claim is

11  barred by the statute of limitations rather than whether Ericks may add parties or amend

12  his pleadings.  *See* Dkt. 25 at 5–6.  Because Ericks's false imprisonment claim is barred

13  by the statute of limitations, the Court grants Defendants' motion and dismisses this

14  claim with prejudice.

15  **C.    Leave to Amend**

16        Leave to amend shall be freely given when justice so requires.  Fed. R. Civ. P.

17  15(a).  "If the underlying facts or circumstances relied upon by a plaintiff may be a

18  proper subject of relief, he ought to be afforded an opportunity to test his claim on the

19  merits."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "A district court, however, does not

20  abuse its discretion in denying leave to amend where amendment would be futile."

21  *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002).  Here, the Court

22

1   declines to grant Ericks leave to amend the dismissed claims because those claims cannot

2   be cured by any amendment.  Thus, amendment would be futile.

3                                         **III. ORDER**

4        Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 25) is

5   **GRANTED.**

6        Dated this 16th day of September, 2015.

7

8                                         _____

9                                         BENJAMIN H. SETTLE
                                          United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22